{¶ 40} Although I concur in the majority's conclusion to reverse the decision of the trial court, I do so for a different reason. The majority reversed the trial court's decision on the basis that the incident report was privileged under R.C. 2305.253
because it was prepared by or for the use of a peer review committee and was within the scope of the functions of that committee.
 {¶ 41} I would not address the issue of whether the report is privileged under the statute because I find the trial court abused its discretion when it conducted an in camera inspection to determine whether the incident report was privileged information. In reaching this conclusion, I refer to our recent decision in Huntsman v. Aultman Hosp., Stark App. Nos. 2004CA00124, 2004CA00142. The Huntsman case addressed the issue of whether the revised version of the statute, renumbered R.C.2305.252, effective April 9, 2003, applied retroactively. In addressing this issue, we stated as follows:
 {¶ 42} "Further, in this particular situation, the change to the statute is clearly procedural. The change in the statute that is relevant in this case pertains to the Ohio legislature's apparent decision to foreclose a party from obtaining any information, documents, or records from the peer review committee's records. Previously, courts had interpreted the prior version of the statute (R.C. 2305.251) to allow a trial court to conduct an in camera review of the peer review committee's records to determine whether the privilege applied to individual documents. If the record was available from its origin source, it was not privileged and could be obtained from the peer review committee's records. * * * The current version of the statute makes it clear that there is no need for an in camera inspection because no documents can be obtained from the peer review committee records, only from the records of the original source of the information. We view this relevant revision to be a clarification of the statute's intent. Since this change affects only how information is to be obtained, we find the change to be procedural." Id. at 20.
 {¶ 43} Because the current version of the statute does not permit an in camera inspection, I would find the trial court abused its discretion when it ordered an in camera inspection on December 30, 2005.
 {¶ 44} Accordingly, I would reverse the decision of the trial court.